UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Kevin Jermaine Jackson, | ) C/A No. 6:25-cv-11489-JDA-WSB |
|                Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| Alan Wilson, Cindy Crick, Hobart Lewis, Jordan Poole, Deputy Cesarone, Joe Kernell, Ernest Michael Patrick O'Brien, Sr., Scotty Bodiford, Josh Boyd, State of South Carolina, | ) |
|                Defendants. | ) |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff is a pretrial detainee and is currently incarcerated at the Greenville County Detention Center. ECF No. 1 at 2, 4. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review the pleadings filed in this case for relief and submit findings and recommendations to the district court. For the reasons below, this action is subject to summary dismissal.

## BACKGROUND

Plaintiff commenced this action by filing a Complaint on the standard form seeking relief pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff has also attached to the Complaint supporting documents including arrest warrants, an indictment, and hand-written allegations in support of the Complaint. ECF No. 1-1; 1-2.

As the basis for the claims, Plaintiff asserts a violation of the "neutral and detached clause of the 4th Amendment with the Magistrates Office being in the jail. *Shadwick v. City of Tampa*.

1

The person issuing the warrant MUST be independent from law enforcement or authority." *Id.* at 6. Plaintiff also cites S.C. Code §§ 23-17-90, 8-1-80, 16-17-722, South Carolina Criminal Rule 3, and South Carolina Appellate Court Rule 3.8. *Id.* For his injuries, Plaintiff states "N/A." *Id.* at 7. For his relief, Plaintiff seeks declaratory relief "to have the 13th Judicial Circuit of a binding statement of my rights of General Sessions Docket Management 2023-000806"; injunctive relief "directing the magistrates to follow the rules of the Neutral [and] Detached Clause of the 4th Amendment and separate from the law enforcement center"; and for $30 million in punitive and compensatory damages. *Id.*

The Court takes judicial notice[1] that Plaintiff has been charged in the Greenville County Court of General Sessions with the following crimes: (1) trafficking in methamphetamine or cocaine base at case number 2023A2330208658 (indictment number 2025GS2300899), (2) fentanyl, possession of more than 2 grains at case number 2023A2330208660, (3) manufacture, possession of other substance in Schedule I, II, III at case number 2023A2330208663 (indictment number 2025GS2300988), (4) manufacture, possession of Schedule IV at case number 2023A2330208665 (indictment number 2025GS2300927), (5) possession of other controlled substance in Schedule I to V at case number 2023A2330208672 (indictment number 2025GS2300925), (6) possession of firearm or ammunition by person conviction of possessing with intent to distribute, manufacturing, distribution, or trafficking controlled substance at case number 2023A2330208675 (indictment number 2025GS2300987), (7) unlawful carrying of pistol at case number 2023A2330208678 (indictment number 2025GS2300926), and (8) possession of

---

[1] *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

narcotic in Schedule I(b), (c), LSD and Schedule II at case number 2025GS2300928A (indictment number 2025GS2300928A).  *See* Greenville County Thirteenth Judicial Circuit Public Index, available at https://publicindex.sccourts.org/Greenville/PublicIndex/PISearch.aspx (last visited Aug. 27, 2025) (search by case number listed above).

## STANDARD OF REVIEW

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c) and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  Thus, even if Plaintiff had prepaid the full filing fee, this Court would still be charged with screening Plaintiff's lawsuit to identify cognizable claims or dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir.

3

1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the pleadings, the Second Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or

4

laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

Plaintiff's claims are without merit for the reasons below, and the Court finds that Plaintiff cannot allege any set of facts to state constitutional claims as to the named Defendants or the issues alleged. The Complaint is therefore subject to summary dismissal.[2]

**Defendants Entitled to Dismissal**

In a § 1983 civil rights action, a plaintiff must sufficiently allege injury through "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by a "person" acting under color of state law. 42 U.S.C. § 1983; *Harden v. Green*, 27 Fed. Appx. 173, 178 (4th Cir. 2001). The Defendants named in this action are subject to dismissal because they are not persons subject to suit under § 1983, they are immune from suit, or Plaintiff has failed to allege facts to state a plausible claim against them.

As an initial matter, the only two Defendants who Plaintiff makes any substantive allegations against are O'Brien and Poole, but they are entitled to dismissal for the reasons below, and Plaintiff's cursory allegations against them are insufficient to survive initial review. The remaining Defendants are entitled to dismissal because Plaintiff makes no allegations against them

---

[2] This case is similar to several other cases recently filed by detainees at the Greenville County Detention Center making nearly identical allegations against many of the same Defendants. It appears that the Complaints in these cases were drafted by Joshua Lynn Robinson, a pretrial detainee at the Greenville County Detention Center. *See, e.g., Wheeler v. Simmons*, No. 6:25-cv-10734, *Lafoy v. O'Brien*, No. 6:25-cv-10732, *Meredith v. Lipinski*, No. 6:25-cv-9189, *Jackson v. O'Brien*, No. 6:25-cv-7813, *Lindsey v. Simmons*, No. 6:25-cv-7592, *Hudgins-Smith v. Simmons*, No. 6:25-cv-7590, *Robinson v. Keel*, No. 6:25-cv-6747, *Childers v. Bratcher*, No. 6:25-cv-6742, *Morgan v. Kernell*, No. 6:25-cv-6735, *Yisreale-Laquer v. Kernell*, No. 6:25-cv-6094, *Wilson v. McElrath*, No. 6:25-cv-6092; *Lee v. Kernell*, No. 6:25-cv-6016; *White v. Foster*, No. 6:25-cv-4633; *Nicholson v. Simmons*, No. 6:25-cv-4632.

in the body of the Complaint or only presents cursory assertions without factual support to establish the violation of a constitutional right by any specific Defendant. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."); *Newkirk v. Circuit Court of City of Hampton*, C/A No. 3:14-cv-372-HEH, 2014 WL 4072212, at *2 (E.D. Va. Aug. 14, 2014) (finding the complaint was subject to summary dismissal where plaintiff made no factual allegations against the named defendants within the body of the pleading). The Complaint, even liberally construed, contains no specific allegations of wrongdoing against most of the named Defendants, and thus no plausible claim is stated against them. *See Potter*, 497 F.2d at 1207; *Newkirk*, 2014 WL 4072212, at *2. In the absence of substantive allegations of wrongdoing against the named Defendants, the Court is unable to liberally construe any type of plausible cause of action arising from the Complaint against them. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (explaining statute allowing dismissal of in forma pauperis claims encompasses complaints that are either legally or factually baseless); *Weller*, 901 F.2d at 389 n.2 (finding dismissal proper where there were no allegations to support claim). To the extent Plaintiff has alleged facts against any of the named Defendants, they are all entitled to dismissal for the additional reasons explained below.

### *Supervisory Claims*

Plaintiff names Alan Wilson, the South Carolina Attorney General ("Wilson"); Hobart Lewis, the Greenville County Sheriff ("Lewis"); Cindy Crick, the Solicitor of the Thirteenth Judicial Circuit ("Crick"); Joe Kernell, the Greenville County Administrator ("Kernell"); and Scotty Bodiford, the Jail Administrator for the Greenville County Detention Center ("Bodiford"). ECF No. 1 at 2–4. All of these Defendants appear to be sued because of their administrative or

supervisory roles. However, Plaintiff has failed to allege facts establishing a claim for supervisory liability. Supervisory officials may be held liable in certain circumstances upon a "recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their case." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (quoting *Slakan v. Porter*, 737 F.2d 368, 372-73 (4th Cir. 1984)). To establish supervisory liability under § 1983 a plaintiff must allege facts showing: (1) the "supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury"; (2) the "supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,'"; and (3) there was an "affirmative causal link between the supervisors inaction and the particular constitutional injury suffered by the plaintiff." *Shaw*, 13 F.3d at 799 (internal citation omitted). Plaintiff fails to allege facts to state a claim of supervisory liability. *See, e.g., Jackson v. Spartanburg Cnty. Det. Ctr.*, C/A No. 5:23-cv-476-JD-KDW, 2024 WL 3655392, at *5 (D.S.C. May 30, 2024) (finding allegations to be insufficient to state a claim for supervisory liability), *R&R adopted by* 2024 WL 3653851 (D.S.C. Aug. 5, 2024); *Drummond v. Wright*, C/A No. 5:19-cv-386-MGL-KDW, 2019 WL 1792386, at *2 (D.S.C. Mar. 27, 2019) (same), *R&R adopted by* 2019 WL 1787543 (D.S.C. Apr. 24, 2019).

*Prosecutorial Immunity*

Crick is also entitled to prosecutorial immunity. Plaintiff appears to sue Crick for actions associated with the proceedings resulting in his arrest and continued detention. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pretrial hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000).

7

Because Plaintiff's claims relate to actions taken by Crick as the Solicitor in connection with the judicial proceedings, such claims are barred by prosecutorial immunity and are subject to summary dismissal. *Moore v. Young*, C/A No. 1:24-cv-458-JFA-SVH, 2024 WL 1445789, at *2 (D.S.C. Mar. 4, 2024), *R&R adopted by* 2024 WL 1444621 (D.S.C. Apr. 3, 2024).

### *State of South Carolina*

Plaintiff names the State of South Carolina as a Defendant. ECF No. 1 at 4. The "State of South Carolina is entitled to dismissal because it is not a 'person' within the meaning of 42 U.S.C. § 1983." *Cole v. South Carolina*, C/A No. 9:09-cv-324-SB, 2009 WL 909554, at *1 (D.S.C. Apr. 3, 2009), *aff'd*, 354 F. App'x 794 (4th Cir. 2009). Plaintiff's claims against the State of South Carolina are also barred by the Eleventh Amendment. *Younger v. Wellpath Recovery Solutions*, C/A No. 2:24-cv-06066-JD-MGB, 2025 WL 2325064, at *3 (D.S.C. July 17, 2025) ("[T]he State of South Carolina [is] protected from suit pursuant to the Eleventh Amendment."), *R&R adopted by* 2025 WL 2324940 (D.S.C. Aug. 12, 2025).

### *Judicial Defendant*

Plaintiff sues Ernest Michael Patrick O'Brien, Sr. ("O'Brien"), who is identified as a magistrate judge of Greenville County. ECF No. 1 at 4. O'Brien is immune from suit and, therefore, entitled to dismissal. It is well-settled that judges have immunity from claims arising out of their judicial actions. *Mireless v. Waco*, 502 U.S. 9, 12 (1991); *Murphy v. Ross*, C/A No. 3:14-cv-870, 2015 WL 1787351, at *2 (E.D. Va. Apr. 15, 2015) ("It is beyond dispute that judicial officers may not be held liable for an award of money damages if they have acted within their jurisdiction." (collecting cases)). Judicial immunity is a protection from suit, not just from ultimate assessment of damages, and such immunity is not pierced by allegations of corruption or bad faith. *Id.* at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived

of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") (citation omitted).  As Plaintiff's allegations against O'Brien relates to his judicial actions, he is entitled to absolute immunity.[3]  Accordingly, O'Brien is subject to dismissal.  *Jackson v. Hayes*, C/A No. 4:20-cv-1441-SAL-KDW, 2020 WL 4550482, at *2 (D.S.C. July 7, 2020) (finding claims against a judge related to setting of bond were subject to dismissal based on judicial immunity), *R&R adopted by* 2020 WL 4548412 (D.S.C. Aug. 6, 2020).

### *Law Enforcement Defendants*

Plaintiff also named Jordon Poole ("Poole") and Deputy Cesarone ("Cesarone"), who are both identified as Deputies with the Greenville County Sheriff's Office, and Josh Boyd ("Boyd") a jail worker at the Greenville County Detention Center.  ECF No. 1 at 3–4.  There are no specific allegations of personal conduct by Boyd or Cesarone and therefore, as noted previously, they are entitled to dismissal.  *See supra*, pp. 5–6.

Plaintiff alleges that Poole pulled him over and conducted an illegal search and seizure after Poole claimed to smell pot.  ECF No. 1-1 at 6.  Plaintiff's cursory allegations against Poole

---

[3] Plaintiff alleges Defendant, who issued the warrants, was not neutral and detached, arguing that he shares an address with the law enforcement center. ECF Nos. 1 at 6; 1-1 at 6. Even accepting those allegations as true, such assertions do not entitle Plaintiff to relief under § 1983. Instead, Plaintiff's recourse is to pursue a suppression of the evidence or warrants issued by the magistrate judge in the state court criminal proceedings. *See, e.g., United States v. Leon*, 468 U.S. 897, 923 (1984) ("Suppression therefore remains an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth."). Defendant, who is a magistrate judge, is entitled to absolute immunity, and Plaintiff's allegations fail to show that this immunity fails. *See, e.g., Cole v. Summey*, 329 F. Supp. 2d 591, 595 (M.D.N.C. 2004) (explaining "the relevant question is whether the judge 'acted in the clear absence of all jurisdiction'"). Plaintiff has not alleged facts showing that Defendant acted in the clear absence of all jurisdiction. Plaintiff can challenge the warrants in the state court proceedings.

is insufficient to state a claim for relief. Further, Plaintiff's claims against Poole are insufficient to establish a claim for the reasons explained below.

**Failure to State a Claim**

Plaintiff's claims are also subject to dismissal because he has not alleged facts to establish a claim of a constitutional violation that is cognizable under § 1983.

### *"Neutral and Detached" Claim*

Plaintiff alleges the magistrate judge—O'Brien—who issued warrants was not neutral and detached in violation of the Fourth Amendment. Thus, liberally construed, the Complaint appears to assert that Plaintiff was subjected to an unlawful search and seizure resulting in his arrest. "When an unreasonable seizure, arrest or prosecution is alleged, such a claim is governed by the Fourth Amendment." *Grant v. Berkeley Cnty. Sheriff's Off.*, C/A No. 2:24-cv-4262-RMG-MHC, 2024 WL 4291416, at *4 (D.S.C. Sept. 6, 2024), *R&R adopted by* 2024 WL 4286217 (D.S.C. Sept. 25, 2024). The Fourth Amendment protects "against unreasonable searches and seizures." U.S. Const. amend. IV. To establish a § 1983 claim based on a Fourth Amendment violation for false arrest or false imprisonment, a plaintiff must show that a seizure was effected without probable cause. *See Massey v. Ojaniit*, 759 F.3d 343, 356 (4th Cir. 2014); *Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002); *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996). Thus, there is no § 1983 claim for false arrest, false imprisonment, or malicious prosecution unless the officer lacked probable cause.[4] *See Street v. Surdyka*, 492 F.2d 368, 372–73 (4th Cir. 1974).

---

[4] "The difference between a false arrest claim and a malicious prosecution claim is significant, as each requires different elements to determine whether the defendant complied with the Fourth Amendment. To establish a § 1983 claim for false arrest in violation of the Fourth Amendment, a plaintiff must show the seizure of his person was unreasonable—*i.e.*, he must show that he was arrested without probable cause." *Burns v. Lott*, C/A No. 3:21-cv-3710-MGL-PJG,

Liberally construed, the Complaint appears to contend that the warrants were not supported by probable cause. However, the only reason Plaintiff advances to support that contention is because the issuing judge and the law enforcement center share the same address. That argument lacks merit. *See Clowney v. Fletcher*, C/A No. 6:24-cv-7243-MGL, 2025 WL 375136, at *2 (D.S.C. Feb. 3, 2025) (rejecting a nearly identical argument raised by another pretrial detainee at the Greenville County Detention Center). Plaintiff has failed to allege facts showing the magistrate judge acted as a "rubber stamp" or abandoned the role as a neutral and detached decision maker. Plaintiff has not alleged any deficiencies with the probable cause supporting any warrants and only challenges whether the magistrate judge was neutral and detached. *See Decina v. Horry Cnty. Police Dep't*, 557 F. Supp. 3d 716, 730 (D.S.C. 2021) (discussing requirements for a facially valid arrest warrant supported by probable cause), *aff'd*, No. 21-2171, 2023 WL 2136376 (4th Cir. Feb. 21, 2023).

To the extent that Plaintiff's allegations are construed as a claim for malicious prosecution, any such claim also fails. To state a constitutional claim for malicious prosecution, "a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012). As to the favorable termination element, the United States Supreme Court recently explained that

---

2023 WL 6164347, at *4 (D.S.C. May 22, 2023) (citing *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001)), *R&R adopted by* 2023 WL 6161985 (D.S.C. Sept. 21, 2023). "Allegations that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for the period after legal process issued—e.g., post-indictment or arraignment—are considered a § 1983 malicious prosecution claim." *Humbert v. Mayor & City Council of Baltimore City*, 866 F.3d 546, 555 (4th Cir. 2017) (quoting *Brooks v. City of Winston-Salem*, 85 F.3d 178, 182 (4th Cir. 1996)) (internal quotation marks and alteration omitted).

> a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence. A plaintiff need only show that the criminal prosecution ended without a conviction.

*Thompson v. Clark*, 596 U.S. 36, 49 (2022). Plaintiff has not alleged facts showing that the criminal proceedings ended without a conviction. Plaintiff remains incarcerated on the charges of which he complains, and he seeks relief related to those charges pending against him. As such, any malicious prosecution claim fails.

Further, "[t]he Fourth Amendment is not violated by an arrest based on probable cause." *Graham v. Connor*, 490 U.S. 386, 396 (1989). It is well settled that "an indictment, fair upon its face, returned by a properly constituted grand jury, conclusively determines the existence of probable cause." *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012) (internal quotation marks omitted); *see also Provet v. South Carolina*, C/A No. 6:07-1094-GRA-WMC, 2007 WL 1847849, at *5 (D.S.C. June 25, 2007) (concluding that § 1983 claims of false arrest and malicious prosecution were precluded because of the issuance of an indictment). Plaintiff has attached to his Complaint an indictment as to certain of the charges pending against him, and Plaintiff has been indicted on other charges as noted above. ECF No. 1-2 at 2. Because Plaintiff was indicted on most of the charges brought against him, the indictments conclusively determine the existence of probable cause as to those indicted charges. *See, e.g.*, *Kaley v. United States*, 571 U.S. 320, 328 (2014) ("[A]n indictment 'fair upon its face,' and returned by a 'properly constituted grand jury,' we have explained, 'conclusively determines the existence of probable cause' to believe the defendant perpetrated the offense alleged." (citations omitted)); *Smith v. Munday*, 848 F.3d 248, 255 (4th Cir. 2017) ("By law, 'an indictment, fair upon its face, returned by a properly constituted grand jury, conclusively determines the existence of probable cause.'" (citations omitted)); *Norton*

12

*v. Tabron*, 727 F. App'x 762, 765 (4th Cir. 2018) (affirming dismissal of the plaintiff's Fourth Amendment claims because the grand jury indictments against him "conclusively determine[d] the existence of probable cause" to support his arrest and prosecution). Plaintiff's claim that Poole conducted an unlawful search and seizure is without merit because the indictments (and warrants attached to the Complaint) establish probable cause.

### *Violations of State and Federal Statutes*

In the Complaint, Plaintiff lists numerous federal and state statutes and court rules. ECF Nos. 1 at 6; 1-2 at 6–9. Plaintiff provides no explanation as to how these statutes and rules were violated or how they apply to his allegations or provide him with a claim for relief. Further, many of the statutes cited by Plaintiff are criminal statutes that do not create a private right of action. *See Shallow v. Fed. Bureau of Investigation*, C/A No. 1:19-cv-229, 2019 WL 2718493, at *2 (E.D. Va. June 27, 2019) (collecting cases), *aff'd*, 788 F. App'x 189 (4th Cir. 2019). "The Supreme Court historically has been loath to infer a private right of action from a 'bare criminal statute' because criminal statutes are usually couched in terms that afford protection to the general public instead of a discrete, well-defined group." *Does v. Broderick*, 225 F.3d 440, 447–48 (4th Cir. 2000) (quoting *Cort v. Ash*, 422 U.S. 66, 80 (1975)); *see also Stewart v. Bishop*, C/A No. 0:24-cv-3606-JFA-SVH, 2024 WL 5290907, at *4 (D.S.C. Aug. 29, 2024) (noting that many of the statutes cited in this case did not provide a private right of action), *R&R adopted by* 2024 WL 5054919 (D.S.C. Dec. 9, 2024). And, "violations of state law, standing alone, do not give rise to federal constitutional violations." *Norwood v. Jividen*, C/A No. 2:20-cv-00299, 2023 WL 2624176, at *1 (S.D.W. Va. Feb. 28, 2023), *R&R adopted by* 2023 WL 2624169 (S.D.W. Va. Mar. 23, 2023). Even if the statutes or court rules listed by Plaintiff did provide a private right of action, Plaintiff's

13

cursory reference to these statutes provide no basis for relief because Plaintiff has not alleged facts showing how Defendants violated them.

*Younger* **Abstention**

To the extent Plaintiff's claims are brought to challenge the charges pending against him or to challenge his present incarceration at the Greenville County Detention Center, such claims are not properly before this Court based on the *Younger* abstention doctrine.  *See Younger v. Harris*, 401 U.S. 37 (1971).  Granting Plaintiff's requested relief would require this Court to interfere with or enjoin a pending state court criminal proceeding against Plaintiff.  Liberally construed, Plaintiff's allegations are essentially a challenge to the underlying arrest warrants resulting in his charges and present incarceration.  Because a federal court may not award relief that would affect pending state proceedings absent extraordinary circumstances, this Court should abstain from interfering with the state court proceedings.

In *Younger*, the Supreme Court of the United States of America held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances."  *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (internal quotation marks omitted).  The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief.  *Younger*, 401 U.S. at 43–44; *see Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013) (explaining the circumstances when *Younger* abstention is appropriate).

From *Younger* and its progeny, the United States Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "[1] there are ongoing state judicial proceedings; [2] the proceedings implicate important state interests; and [3] there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp.*

*v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citation omitted). Plaintiff is involved in ongoing state criminal proceedings related to the claims at issue in this case, and Plaintiff asks this Court to award relief for alleged constitutional violations; thus, the first element is satisfied. The second element is satisfied because the Supreme Court has explained "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The third element is also satisfied, as the Supreme Court has noted "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Gilliam*, 75 F.3d at 903 (citation omitted).

A ruling in Plaintiff's favor in this case would call into question the validity of the state court criminal proceedings against him and would significantly interfere with those ongoing state proceedings. *See Younger*, 401 U.S. at 43–45; *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52 (4th Cir. 1989) ("[F]ederal courts should abstain from the decision of constitutional challenges to state action, however meritorious the complaint may be, 'whenever [the] federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'") (citation omitted); *Washington v. Tilton*, C/A No. 2:10-cv-997-HFF-RSC, 2010 WL 2084383, at *1 (D.S.C. May 19, 2010).

**This Action is Duplicative**

Finally, the Court notes that this action should be dismissed as frivolous because it is duplicative of another action recently filed by Plaintiff making nearly identical allegations. On July 18, 2025, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 against O'Brien, alleging he violated the Neutral and Detached Clause, just as Plaintiff does in the present case. *See Jackon*

*v. O'Brien*, No. 6:25-cv-7813-JDA-WSB (D.S.C.). On July 21, 2025, the undersigned entered a Report and Recommendation in that case, recommending the district court dismiss the action for many of the same reasons explained herein. *Id.*; ECF No. 9. That Report and Recommendation has not been ruled upon by the district judge. "Because district courts are not required to entertain duplicative lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e)." *Cottle v. Bell*, 229 F.3d 1142, 2000 WL 1144623, *1 (4th Cir. Aug.14, 2000). "Accordingly, as a duplicative filing, the present case is frivolous and subject to summary dismissal." *Phagan v. Gurney*, C/A No. 8:18-cv-894-TMC, 2018 WL 3640383, at *2 (D.S.C. Aug. 1, 2018); *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same com a second time. Once was sufficient.").

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned finds that the Complaint filed in this case is frivolous, the named Defendants are immune from suit and/or are otherwise entitled to dismissal, and the Complaint fails to state a claim for relief. Therefore, the district court should **DISMISS** this action without issuance and service of process and without leave to amend.[5]

**IT IS SO RECOMMENDED**.

s/William S. Brown<br>
United States Magistrate Judge

August 27, 2025
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[5] Leave to amend would be futile for the reasons herein and Plaintiff should therefore not be given an opportunity to file an amended complaint. *See Britt v. DeJoy*, 45 F.4th 790, 798 (4th Cir. 2022); *see also Workman v. Morrison Healthcare*, 724 F. App'x. 280, 281 (4th Cir. June 4, 2018); *Howard v. Sharrett*, 540 F. Supp. 3d 549, 553 (E.D. Va. 2021).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).